CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 13 2005
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| DEVINCHE ALBRITTON,<br>Plaintiff, | Civil Action No. 7:05cv00384 |
| v. | **MEMORANDUM OPINION**<br>**& ORDER** |
| GENE JOHNSON, et al.,<br>Defendants. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

This matter is before the court upon plaintiff's motion for reconsideration of his request for preliminary injunctive relief, document number 17. Plaintiff requests that this court reconsider its order denying his motion for a preliminary injunction ordering that he be given access to the prison law library at least 4 days per week, that he be permitted to make his own copies of documents or that copies be immediately made in his presence, and that he be given immediate access to notary services.[1] Additionally in this motion, plaintiff requests that he be transferred to a federal facility. In support of this motion, plaintiff alleges that he has been transferred to Sussex II state prison, is being kept on "lock-down" status, and has had limited access to legal materials. Plaintiff also alleges that when he submits his legal material for copying, staff examine the documents and communicate the content to the Commonwealth of Virginia. Additionally, plaintiff contends that in retaliation for his pending litigation he has been denied daily showers, his meals are being served late and sometimes consist of the same food as a prior meal, and he is being denied a medication which he believes will prevent a rash from developing on his underarms.

Preliminary injunctive relief is an extraordinary remedy that courts should apply

---

[1] See document number 18.

sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980). Under this test, the court should consider four factors: 1) whether the plaintiff will suffer irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendant if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether public interest lies with granting relief. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co., 550 F.2d 189, 195 (4th Cir. 1977). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991).

In his request for injunctive relief, plaintiff has not alleged any facts which suggest he is likely to suffer imminent, irreparable harm. As such, it is hereby

**ORDERED**

that plaintiff's request for injunctive relief shall be and hereby is **DENIED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion & Order to plaintiff.

ENTER: This 13th of Sept., 2005.

*Jackson L. Kiser*
Senior United States District Judge

2